UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                                                                         CR 10-110 ML

MICHAEL BLOW

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant, Michael Blow's ("Defendant") motion for leave to proceed in forma pauperis on appeal. For the reasons stated herein, Defendant's motion is denied.

### I. Background

On January 7, 2011, Defendant pled guilty to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Defendant's plea was entered pursuant to a plea agreement. See Plea Agreement (Docket # 13). At sentencing, this Court imposed a within-guideline sentence of 96 months of incarceration followed by three years of supervised release. Judgment entered on March 25, 2011.

On April 12, 2011, Defendant filed his notice of appeal pro se. The notice appeared to have been filed after the fourteen day appeal period had elapsed but within the 30 day excusable neglect period. See generally Fed. R. App. P. 4(b)(4). On April 26, 2011, this Court found that Defendant could not show either excusable neglect or good cause and denied Defendant an enlargement of time to file his notice of appeal. On May 26, 2011, Defendant, this time through counsel, filed a motion for leave to appeal in forma pauperis.

1

## II. Analysis

As noted above, on April 26, 2011, this Court found that Defendant could not show either excusable neglect or good cause to warrant an order enlarging the time for him to file his notice of appeal. See generally Fed. R. App. P. 4(b)(4). Defendant's notice of appeal was filed on Tuesday April 12, 2011, four days out of time. At that time, however, Defendant was incarcerated. Fed. R. App. P 4(c)(1) provides that an inmate's notice of appeal is timely if it is deposited in the penal institution's mail system on or before the last day for filing. Fed. R. App. P. 4(c)(1). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Id. Plaintiff's notice of appeal, however, is undated and includes no such declaration or notarized statement. It is possible, although the Court has no evidence before it to so find, that Defendant deposited his notice of appeal into the penal institution's mail system on or before Friday April 8, 2011, the last day of the appeal period. Consequently, upon further review, and out of an abundance of caution, the Court reconsiders its April 26, 2011, order and now provisionally determines that Defendant's pro se notice of appeal was timely pursuant to Fed. R. App. P 4(c)(1).

The Court now considers Defendant's motion to proceed in forma pauperis on appeal. A "party who was permitted to proceed in forma pauperis in the district[]court . . . may proceed on appeal in forma pauperis without further authorization, unless[] the district court . . . certifies that the appeal is not taken in good faith . . . ." Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). "The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. An appeal is deemed frivolous when it is

2

based on an indisputably meritless legal theory or factual allegations that are clearly baseless." Lyons v. Wall, C.A. No. 08-498 ML, 2010 WL 5562620 at *2 (D.R.I. Nov. 30, 2010) (internal quotation marks and citations omitted), report and recommendation adopted, C.A. No. 08-498 ML, 2011 WL 87345 (D.R.I. Jan. 10, 2011). Defendant was found to be indigent and was therefore afforded court-appointed counsel in the proceeding in this Court. He therefore may proceed on appeal in forma pauperis unless this Court finds and certifies that his appeal is not taken in good faith. See generally Fed. R. App. P. 24.

Defendant provides this Court with absolutely no information regarding what claim[s] he intends to argue on this appeal. Notwithstanding this omission, this Court concludes that Defendant's appeal is frivolous because Defendant has waived his right of appeal.

"A criminal defendant may waive his right to appeal as long as his waiver is voluntary and made with knowledge of the consequences of the waiver." United States v. Rios-Hernandez, ___ F.3d ___, 2011 WL 2150738 at *3 (1st Cir. 2011). In determining whether a waiver is valid, the First Circuit focuses on the plea agreement and the change of plea colloquy. Id. In particular, the First Circuit considers

> (1) whether the written plea agreement contains a clear statement elucidating the waiver and delineating its scope; (2) whether the court's interrogation suffices to ensure that the defendant freely and intelligently agreed to waive [his] right to appeal [his] forthcoming sentence; and (3) whether denying a right of appeal would work a miscarriage of justice[.]

Id. (internal quotation marks and citation omitted).

Defendant's plea agreement clearly provides that Defendant "waive[d] his right to appeal his conviction and the sentence imposed by the Court if the sentence [was] within or below the guideline range determined by the Court." Plea Agreement at ¶ 12 (Docket #13). During the

plea colloquy, this Court made it clear to Defendant that he was waiving his appellate rights if he received a sentence within the guideline range. Defendant stated on the record that he understood the waiver. Furthermore, as part of the plea negotiations, Defendant acknowledged that the Government had agreed it would not file an information seeking to have Defendant sentenced as an armed career criminal which would have mandated that this Court impose a minimum incarcerative sentence of fifteen years. Defendant stated that he understood the plea agreement and he did not have any questions about the agreement. Thus, the plea agreement contained "a clear statement elucidating the waiver and delineating its scope" and this Court "inquire[d] specifically at the change-of-the-plea hearing into [the] waiver of appellate rights." United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001). Defendant freely and intelligently agreed to waive his right of appeal. See generally Rios-Hernandez, ___ F. 3d at ___, 2011 WL 2150738 at *3.

At the sentencing hearing, Defendant did not object to the pre-sentence report and this Court, once again, reminded Defendant that he had given up his right to appeal his sentence because the Court had sentenced him to a period of incarceration within the guideline range. See generally Rios-Hernandez, ___ F.3d at ___, 2011 WL 2150738 at *4 (waiver conditioned on receiving a sentence consistent with agreed upon recommendation). Defendant, once again, stated that he understood that he had waived his right to appeal.

This Court sentenced Defendant to a prison term within the guideline range. Under the terms of his plea agreement, he waived his right to appeal that sentence. In such circumstances, a denial of the right of appeal would not work a miscarriage of justice since Defendant freely and intelligently agreed to give up that right in exchange for significant concessions by the

4

Government.

### III. Conclusion

The Court has determined that Defendant freely, intelligently and knowingly waived his right to appeal. His attempt to file an appeal, notwithstanding the valid waiver, is not taken in good faith, and this Court so certifies. See generally United States v. Gholston, 133 F. Supp. 2d 1304, 1310 (M.D. Fla. 2000), aff'd, 275 F.3d 52 (11th Cir. 2001) (unpublished table decision) ("if [defendant] has knowingly, freely, and voluntarily waived his right to appeal the sentencing issues that he now seeks to raise on appeal, this Court cannot certify that [defendant] appeals in good faith"); see also United States v. Alvarez, 506 F. Supp. 2d 1285, 1291 (S.D. Fla. 2007) ("Defendants are barred by the language of their waiver of appeal from appealing their sentence. An appeal under these circumstances would not be in good faith.)

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
June 20, 2011.